IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. SUBRINA TAYLOR, | : |
| Plaintiff | : Civ. No. 1:12-cv-0169 |
| v. | : |
| HARRISBURG AREA COMMUNITY COLLEGE, | : The Honorable Sylvia H. Rambo |
| Defendant | : |

**MEMORANDUM**

Before the court is Defendant Harrisburg Area Community College's ("HACC") partial motion to dismiss Plaintiff's complaint. (Doc. 17.) For the reasons that follow, the motion will be denied.

**I.      Background**

      **a.      Facts**

Plaintiff, Subrina Taylor, was an employee of Defendant HACC from July 1993 to June 2007. (Doc. 1, Compl. ¶ 5.) Taylor was originally hired as a counselor/coordinator of special needs students and moved up to the position of Dean of Enrollment Services before her resignation in 2007.[1] (*Id.* ¶¶ 6, 11.) Between 1993 and 2004, "Taylor's performance appraisals indicated no issues

---

[1] Plaintiff does not dispute that she resigned from HACC in 2007. (*Id.* ¶ 37.) In fact, in her June 16, 2007 letter of resignation, Taylor claims she expressed gratitude to HACC for allowing her to resign without providing the three week notice normally required of employees. (*Id.*)

regarding Taylor's attendance, work performance, work ethic, reliability and leadership ability." (*Id.* ¶ 12.)

In March 2005, Plaintiff approached her then supervisor, Alterman "Chip" Jackson, with a complaint about a co-worker that Plaintiff believed sabotaged a presentation Plaintiff had given at a work-related conference. (*Id.* ¶ 14.) According to the complaint, Jackson told Plaintiff "she 'had better be careful about making serious allegations such as this . . . .' " (*Id.* ¶ 15.) Subsequently, in April 2005, Jackson marked "needs improvement" on Plaintiff's performance appraisal, although Jackson never raised any concerns to Plaintiff during the evaluation process. (*Id.* ¶ 17.) Plaintiff disagreed with the appraisal and voiced her concerns to the human resources department requesting she be re-appraised. (*Id.* ¶¶ 18,19.)

The complaint alleges that in March 2006, Jackson resigned after allegations that he engaged in an extra-marital affair with the same co-worker Plaintiff claims sabotaged her presentation. (*Id.* ¶ 20.) In August 2006, Plaintiff was reappraised by a Mr. Young. (*Id.* ¶ 21.) Young did not score Plaintiff below "meets expectations" in any category in this assessment. (*See* Doc. 3, Pl.'s Ex. F, at 46 of 100.) Following Jackson's resignation in 2006, Plaintiff applied for the position of vice president at HACC. (Compl. ¶ 24.) Plaintiff's application was denied, and this denial prompted her to file her initial charge with the EEOC ("2006 EEOC charge"). (*Id.* ¶ 25.) HACC, when responding to the EEOC investigation into the 2006 EEOC charge stated the following reasons for declining to extend Plaintiff an on-campus interview: "(1) Dr. Taylor applied for the vice president position in 2006, and then abandoned her employment without notice, (2) Dr. Taylor's lack of follow through on many projects and assignments and there were some shortfalls on grant reporting,

(3) problems with Dr. Taylor's attendance and level of dependability."[2]  (*Id.* ¶ 33) (citing Ex. M.)

In September 2009, while the investigation into the 2006 EEOC charge was still underway but after Taylor had resigned, Taylor again applied for the job of vice president at HACC.  (*Id.* ¶ 27.)  Plaintiff contacted HACC's human resources department and requested that her account password be reset so she could gain access to the application for vice president of student services.  (*Id.* ¶ 38.)  HACC reset Plaintiff's password and she updated the application she had previously submitted for the vice president position in 2006, and was granted a phone interview.  (*Id.* ¶ 38.)  However, HACC declined to offer her an on-campus interview.  (*Id.* ¶¶ 28, 30.)  HACC later claimed Plaintiff "never would have been selected for the vice president's position due to 'the unprofessional manner' that [she] exited her position in 2007."  (*Id.* ¶ 39.)  In an email dated December 9, 2009, human resource director Meredith Tulli informed the chair of the hiring search committee that "Taylor was a previous employee and is not approved for an on-campus interview because of past employee relation issues."  (*Id.* ¶ 31) (internal punctuation omitted).

Plaintiff alleges that Defendant eventually hired a less experienced, Caucasian male to fill the position.  (*Id*. ¶ 50.)  Based on HACC's decision to not consider Plaintiff for the vice president position, Plaintiff filed another charge with the EEOC for both discrimination and retaliation in May 2011.  (*Id.* ¶ 44.)  Plaintiff

---

[2] Taylor, for her part, contends that there is no evidence to show she abandoned her position at HACC or that she failed to follow through on projects. (*Id.* ¶ 34.) At this stage, the court will simply accept the well-pleaded factual allegations in the complaint as true and not suggest either party need point to any particular part of the record to either support or rebut the factual arguments presented.

claims that HACC retaliated against her in 2009 because she had previously filed an EEOC complaint in 2006. (*Id.* ¶ 47.) On October 31, 2011, the EEOC issued Plaintiff a right-to-sue letter in connection with her 2011 complaint. (*Id.*) Plaintiff further claims that on January 31, 2011, the EEOC issued a determination letter related to her 2006 complaint which "indicated there is cause to believe a Title VII violation occurred." (*Id.* ¶ 48.)

### b.     **Procedural History**

Plaintiff filed this *pro se* complaint on January 30, 2012. (Doc. 1.) On March 21, 2012, Defendant filed the instant partial motion to dismiss and supporting brief. (Docs. 17 & 18.) On March 22, 2012, Plaintiff filed two "affidavits" opposing Defendant's motion. (Docs. 19 & 20.) These documents are both two pages in length and are composed of numbered paragraphs merely reiterating facts already alleged in the complaint without citing to any additional caselaw or authority. Although Plaintiff's responsive filings leave much to be desired by the court, the court will, as required construe them liberally in light of her *pro se* status and interpret them as briefs in opposition to the partial motion to dismiss. No reply brief has been filed by Defendant and the deadline to do so has passed. Therefore, the motion is ripe for disposition.

## II.     **Legal Standard**

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint

are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1950 (2009)).

The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler,* 578 F.3d at 211 (citations omitted).  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (alterations in original).)  In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196.  Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v.*

*Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.    Discussion

Defendant only requests dismissal of those parts of the complaint that relate to Plaintiff's 2006 EEOC charge and her claim for punitive damages. Plaintiff argues that the facts underlying the 2006 EEOC charge are being provided for historical context and to support her allegation that she was retaliated against in 2009 because she filed a complaint with the EEOC in 2006. Furthermore, Plaintiff claims she has made the requisite factual and medical allegations to support her claim for punitive damages. For the reasons that follow, the motion will be denied.

### a.    2006 EEOC Charge

Defendant argues that because Plaintiff never received an official right-to-sue letter from either the EEOC or the Department of Justice, she should now "be barred from mentioning the facts ostensibly underlying the October 6, 2006 Charge of Discrimination for failure to abide by the available administrative guidelines." (Doc. 18, Br. Supp. Mot. to Dismiss, at 9.)  Plaintiff counters that her current claim in this court is not seeking resolution of any issues in her 2006 EEOC charge, and that any info related to her 2006 EEOC charge is provided merely as background information to support her 2011 EEOC charge for discrimination *and* retaliation. (*See* Doc. 20, Pl.'s Br. in Opposition, at ¶¶ 1, 3.)  The court agrees.

Neither party disputes that Plaintiff did not receive a right-to-sue letter with regard to her 2006 EEOC charge.  However, Plaintiff does allege that on January 31, 2011, the EEOC issued a "determination letter . . . which indicated there is cause to believe a Title VII violation occurred." (Compl. ¶ 48.)  Regardless of the status of the 2006 complaint however, Plaintiff does not allege she is bringing claims related to that case here.  She is merely providing background information that is necessary to explain her current claim that HACC retaliated against her by not considering her for the position of vice president in 2009 as a result of her 2006 charge.  It is axiomatic that a plaintiff may provide relevant background information in a complaint to support the causes of action alleged, even if such information would not be admissible at trial.  As such, the court will not dismiss those portions of the complaint that discuss the factual circumstances underlying Plaintiff's 2006 EEOC charge.

### b.     **Punitive Damages**

Defendant next claims that Plaintiff has not pled sufficient factual allegations to support a claim for punitive damages. Defendant's motion will be denied as premature at this stage of the litigation.

"A plaintiff may recover punitive damages under Title VII in a case of intentional discrimination 'if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Kant v. Seton Hall Univ.*, 279 F. App'x 152, 158 (3d Cir. 2008) (citing 42 U.S.C. § 1981a(b)(1)). Furthermore, "[t]he Supreme Court has [clarified] that the terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Id.* (citing *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999) (internal quotations omitted)).

Here, Plaintiff alleges that Defendant's actions "were malicious, outrageous, deliberate and in disregard for [Plaintiff's] federally protected rights . . .," in as much as Defendant failed to consider Plaintiff for the vice president position due to discrimination and retaliation for her 2006 EEOC charge. (*See* Compl. ¶ 64.) At this early stage of the proceedings, this court cannot say that Plaintiff will not be able to prove a set of facts in support of his claim for punitive damages against the Defendant.[3] Although the facts presented in the complaint do not appear to be

---

[3] However, Plaintiff should be aware that "even if a plaintiff can show 'malice' or 'reckless indifference' to [her] federal rights. . .,[P]laintiff must impute liability for punitive damages to respondent. Thus, . . . in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good-faith efforts to comply with Title VII.'" *Kant*, 279 F. App'x at 158 (citing *Kolstad*, 527 U.S. at 529) (internal citations omitted).

glaring examples of obvious malice or reckless indifference on the part of Defendant, in light of Plaintiff's *pro se* status and because of the infancy of this case, this claim will be allowed to proceed.

**IV.**     **Conclusion**

       For the reasons state above, the allegations contained in Plaintiff's complaint that pertain to her 2006 EEOC complaint will not be dismissed, nor will her claims for punitive damages. An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                               United States District Judge

Dated: May 23, 2012.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. SUBRINA TAYLOR, | : |
| Plaintiff | : Civ. No. 1:12-cv-0169 |
| v. | : |
| HARRISBURG AREA COMMUNITY COLLEGE, | : The Honorable Sylvia H. Rambo |
| Defendant | : |

### **O R D E R**

For the reasons set forth in the accompanying memorandum of law, **IT IS HEREBY ORDERED** that Defendant's partial motion to dismiss (Doc. 17) is **DENIED**.

                                                               s/Sylvia H. Rambo
                                                           United States District Judge

Dated: May 23, 2012.