IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. SUBRINA TAYLOR, <br>     **Plaintiff** <br><br> v. <br><br> **HARRISBURG AREA COMMUNITY COLLEGE,** <br>     **Defendant** | **Civil No. 1:12-CV-0169** <br><br><br><br> **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

In this employment discrimination action, Plaintiff alleges she suffered adverse employment actions on the basis of race and retaliation for filing administrative charges of discrimination, in violation of Title VII of the Civil Rights Act of 1964. Presently before the court is a discovery dispute in which Plaintiff argues that Defendant has failed to produce documents first requested in October 2012.[1] The court held an in-chambers discovery conference on November 18, 2013, during which Plaintiff was represented by James Young, Esquire, and Defendant was represented by Sharon O'Donnell, Esquire, and Thomas G. Collins, Esquire. Because the court concludes that each document requested is discoverable, it will order Defendant to either comply with each of Plaintiff's requests or certify that the requested document does not exist.

## I.  Background

Evidently, the dispute arises from, what Plaintiff argues was, incomplete responses to her request for production of documents. Defendant argues its responses are complete, inasmuch as the documents requested have been

---

[1] It is the preference of the undersigned for parties to attempt to resolve discovery disputes informally before filing a formal motion to compel.

produced or otherwise do not exist. Despite Plaintiff's adamant belief to the contrary, the court concludes that, based on the representations of counsel, Plaintiff has established that the requested documents are discoverable, but has failed to establish the documents are being wrongfully withheld.

**II.        Legal Standard**

Several basic principles guide the court's resolution of the merits of this discovery dispute. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> **(1) Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Rulings relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. *Sloan v. Murray*, Civ. No. 11-cv-0994, 2013 WL 5551162, *2 (M.D. Pa. Oct. 8, 2013) (citing *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1986)). The discretion is guided, however, by certain basis principles. At the outset , it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

2

Therefore, valid claims of relevance and privilege still restricts the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a concept which is defined in the following broad terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery must make a threshold showing that the items sought in the discovery request are reasonably calculated to lead to the discovery of admissible evidence. Once this showing is made, the burden shifts to the party resisting the discovery, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Option One Mortgage Corp. v. Fitzgerald*, 2009 WL 648986, *2 (M.D. Pa. Mar. 11, 2009).

### III. Discussion

The central point of contention between Plaintiff and Defendant is whether Defendant possesses documents responsive to Plaintiff's requests. Defendant asserts that the outstanding documents do not exist or have otherwise not been retained by Defendant. Plaintiff disagrees, and argues that Defendant "must" have this information. Each outstanding request will be discussed in *seriatim*.

#### A. Request 1: Tom Power's PAF

Plaintiff requests Tom Power's Personal Action Form related to his promotion to vice president. Defendant contends this document does not exist. Based on counsel's representations, the court finds that the information contained in the document requested is discoverable. Therefore, Defendant will be ordered to

produce the requested PAF to Plaintiff. If no form exists, Defendant will be required to certify that it has searched for the document, and that its search was fruitless.

### B. Request 2: EEO data for certain vice presidential applicants

Plaintiff requests EEO employment data on all black female applicants (internal and external) for any vice-presidential position at Defendant's institution between September 1997 through June 30, 2010. Defendant responds that it has produced data related to 2006 through June 30, 2010, but that records were not electronically kept for years preceding 2006. Accordingly, Defendant contends records related to the outstanding years do not exist. Based on counsel's representations, the court finds that the information contained in the requested records is relevant and discoverable. Therefore, Defendant will be ordered to produce the requested records to Plaintiff. If no records exist for the outstanding years, Defendant will be required to certify that it has searched for the records, and that its search was fruitless.

### C. Request 3: Plaintiff's official leave record

Plaintiff requests her official leave record from 1993 through June 1, 2007. Defendant has produced Plaintiff's official leave record from 1999 through June 1, 2007. Defendant contends that there are no records related to the unfulfilled portion of Plaintiff's request. Based on counsel's representations, the court finds that the information contained in the record requested is relevant and discoverable. Therefore, Defendant will be ordered to produce the requested record to Plaintiff. If no record exist for the outstanding years, Defendant will be required to certify that it has searched for the record, and that its search was fruitless.

### D. Request 4: Copy of 2005 CAMPIS Grant

Plaintiff requests a copy of the Department of Education RFP submitted by Defendant for the CAMPIS Grant in 2005. Defendant has produced a copy of a 2009 Grant, but argues that it does not have a copy of the 2005 Grant, and therefore contends that it cannot fulfill Plaintiff's request. Based on counsel's representations, the court finds that the 2005 Grant is relevant and discoverable. Therefore, Defendant will be ordered to produce the 2005 Grant to Plaintiff. If a copy does not exist, Defendant will be required to certify that it has searched for the 2005 grant, and that its search was fruitless.

### E. Request 5: Glen Lum institutional research report

Plaintiff requests a copy of an institutional research report conducted by Glen Lum related to an internal investigation conducted from 2002 through 2007 regarding racism in the nursing program selection process. Plaintiff also requests correspondence from or to former president Edna Baehre regarding allegations of racial discrimination in the admissions process for the nursing program. Plaintiff believes these documents exist based upon an affidavit from another individual. Defendant contends that it did not undertake such an internal investigation, that no report was created, and that it has already provided the OCR Investigation information. Based on counsel's representations, the court concludes that such a report, if created, is discoverable. Therefore, Defendant will be ordered to produce the requested materials to Plaintiff. If such an investigation never occurred, Defendant will be required to certify the same. Additionally, Defendant will be ordered to produce correspondence from or to Edna Baehre regarding allegations of racial discrimination in the admissions process for the nursing program. If such

correspondence does not exist, Defendant will be required to certify it has searched for the correspondence, and that its search was fruitless.

### F. Request 6: Original comment forms

Plaintiff requests a copy of the original comment forms from each member of the college community who submitted feedback regarding Plaintiff related to the vice president position. Defendant represents that it has provided Plaintiff with a compiled list of the comments, identifying the source of the submission and comments made therein, and that the original forms are no longer available. Based on counsel's representations, the court concludes that the original comment forms are highly relevant and discoverable. Therefore, Defendant will be ordered to produce the original comment forms to Plaintiff. If these original comment forms are no longer available, Defendant will be required to certify that it has searched for the original forms and that its search was fruitless, and identify the individual, to the best of Defendant's knowledge, who created the compilation.

### G. Request 7: Racial demographics for nursing students

Plaintiff requests information related to the racial demographics of all nursing student applicants to Harrisburg Area Community College from 2002 through 2007 and information related to the racial demographics of all nursing students admitted to Harrisburg Area Community College for the same time period. Plaintiff argues this is the "raw data" companion for her request related to the internal investigation report. Based on counsel's representations, the court concludes that such information, if in Defendant's possession, is discoverable. Therefore, Defendant will be ordered to produce the requested materials to Plaintiff.

**IV.      Conclusion**

The court concludes that the documents requested by Plaintiff are discoverable. However, it appears that, for the most part, Defendant has complied with Plaintiff's discovery requests insofar as it is capable to do so. Plaintiff's disappointment with Defendant's responses does not enable this court to order Defendant to produce documents that do not exist. Accordingly, Defendant will be ordered to either produce documents satisfying Plaintiff's outstanding requests, or certify to the court that it has searched for the requested documents and that the documents do not exist.

An appropriate order will issue.

                                                       s/Sylvia H. Rambo
                                                        United States District Judge

Dated: November 20, 2013.