IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUBRINA TAYLOR,                     :
                                    :        Civil No.  1:12-CV-0169
    **Plaintiff**                  :
                                    :
    **v.**                         :
                                    :
                                    :
HARRISBURG AREA COMMUNITY :
COLLEGE,                            :
                                    :        **Judge  Sylvia  H.  Rambo**
    **Defendant**                  :

# M E M O R A N D U M

In this employment discrimination action, Plaintiff alleges that Defendant, her former employer, unlawfully discriminated against her because of her race and retaliated against her for filing a claim with the Equal Employment Opportunity Commission.  Presently before the court is Plaintiff's motion for reconsideration (Doc. 107), wherein she requests the court reconsider its January 3, 2014 order deeming Defendant's motion for summary judgment unopposed (Doc. 99).  Because the court concludes Plaintiff failed to demonstrate entitlement to relief from the January 3, 2014 order, Plaintiff's motion for reconsideration will be denied.

## I.        Background

The parties are familiar with the background of this litigation. Moreover, the relevant procedural and factual background will be set forth at length in the court's forthcoming memorandum accompanying its order disposing of Defendant's motion for summary judgment.  Accordingly, the court will only set forth the most pertinent portions of the procedural history that justify its decision to deny the instant motion for reconsideration.

Proceeding in this matter pro se, Plaintiff filed her original complaint commencing this civil action on January 30, 2012.  (Doc. 1.)  Following her survival of a motion to dismiss, as well as her filing of several unsuccessful motions, Attorney James D. Young entered his appearance on Plaintiff's behalf while a fully briefed motion to dismiss was pending.[1]  (Doc. 50.)  Plaintiff was thereafter granted leave to file a second amended complaint with the assistance of counsel.

Over the course of the following months, the parties were granted numerous extensions of time in which to conduct discovery, including an order moving jury selection to January 6, 2014.  (*See* Doc. 67.)  On October 15, 2013, Defendant filed a motion for summary judgment (Doc. 73), brief in support (Doc. 74), and statement of material facts (Doc. 75).  On November 5, 2013, the date on which Plaintiff's response was due pursuant to Local Rule 7.6, Plaintiff filed a motion that requested an extension of time until November 12, 2013 (Doc. 78), which the court granted (Doc. 80).  On November 12, 2013, Plaintiff filed a second motion that requested an extension of time until November 22, 2013 (Doc. 81), which the court granted (Doc. 82).  On November 21, 2013, Plaintiff filed a third motion that requested an extension of time until November 27, 2013 (Doc. 87), which the court granted (Doc. 88).  On November 27, 2013, Plaintiff filed a fourth motion that requested an extension of time until December 2, 2013 (Doc. 89), which the court granted  (Doc. 92).  Because the court still had not received a response from

---

[1] Following the court's denial of Defendant's motion to dismiss (Doc. 21), Plaintiff filed an amended complaint (Doc. 33).  The motion to dismiss pending at the time Attorney Young entered his appearance challenged Plaintiff's first amended complaint.  (Doc. 39.)  Thereafter, Plaintiff filed a counseled amended complaint.  (Doc. 56.)

Plaintiff as of January 3, 2014, it granted Defendant's request to deem the motion for summary judgment as unopposed, pursuant to Local Rules 7.6 and 56.1. (Doc. 99.)

On January 6, 2014, Plaintiff filed a pro se motion for reconsideration, which requested that the court both reconsider its order deeming unopposed Defendant's motion for summary judgment due to Plaintiff's lack of response and grant Plaintiff an extension of time to "secure another attorney" and to respond to the nearly three-month-old motion for summary judgment. (Doc. 100.) The court struck from the record Plaintiff's pro se filing, due to her being represented. (Doc. 102.) On January 7, 2014, Attorney Young fled a motion to withdraw as Plaintiff's attorney (Doc. 104), which was opposed by Defendant (Doc. 105). On January 17, 2014, while the motion to withdraw was pending, Attorney Young and Plaintiff, acting pro se, each filed a motion for reconsideration of the January 3, 2014 order. (Docs. 106 & 107.) On January 27, 2014, following a conference call during which defense counsel withdrew their opposition to Attorney Young's withdrawal, the court granted the motion to withdraw (Doc. 109) and entered an order deeming moot Attorney Young's motion for reconsideration as superseded by Plaintiff's pro se motion for reconsideration (Doc. 110). Although no response has been filed,[2] Plaintiff's motion for reconsideration is appropriate for disposition.

---

[2]  Pursuant to Local Rule 7.10, a motion for reconsideration must be accompanied by a supporting brief. M.D. Pa. L.R. 7.10. Neither Plaintiff's original pro se motion for reconsideration (Doc. 100), counseled motion for reconsideration (Doc. 106), nor pro se amended motion for reconsideration (Doc. 107) was filed with a supporting brief. Nevertheless, the court will overlook this noncompliance with Rule 7.10.

## II.        Legal Standard

Although she fails to identify the precise basis for her request for reconsideration, Plaintiff's motion seeks relief from the January 3, 2014 order, presumably under subsections (1) and (6) of Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that a district court may "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done. *Boughner v. Secretary of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The court has broad discretion on whether to grant a Rule 60(b) motion. *See Hodge v. Hodge*, 621 F.2d 590, 593 (3d Cir. 1980) (citing *Giordano v. McCartney*, 385 F.2d 154, 155 (3d Cir. 1967). However, the court's authority to grant such relief is not unlimited. The Third Circuit has noted that such motions are to be granted "only in exceptional circumstances." *Boughner*, 572 F.2d at 977; *see also United States v. Tuerk*, 317 F. App'x 251, 253 (3d Cir. 2009) ("Rule 60(b) provides for relief from judgments involving mistake, inadvertence, surprise, or excusable neglect. However, relief under Rule 60(b) is extraordinary, and may only be invoked upon a showing of exceptional circumstances." (internal quotation marks omitted).) Attorney error does not constitute exceptional circumstances for purposes of Rule 60(b)(6), and such claims for relief should be raised under Rule 60(b)(1).

As to what constitutes excusable neglect, it has been made clear that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually

4

constitute 'excusable' neglect." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). The determination of what constitutes excusable neglect for purposes of relief from judgment is an equitable one, and thus, the court must take into account all relevant circumstances, including: 1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163-64 (3d Cir. 2004). The Third Circuit has refused to find excusable an attorney's neglect where the order from which the movant complains was the product of a history of a course of misconduct. *See Tuerk*, 317 F. App'x at 253-54 (finding that "the attorney's failure to respond was not an isolated incident," but rather "part of a pattern of disregard for court orders during the course of proceedings," whereby there was no basis to "establish excusable neglect," and "his attempt to argue excusable neglect on [the] record border[ed] on frivolity"). Thus, the bar is set high for relief under Rule 60(b)(1). Equally high is the bar for relief under Rule 60(b)(6), which has been noted to be used only as a "grand reservoir of equitable power to do justice in a particular case." *Martinez-McBean v. Government of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977). As discussed above, while the determination of relief under Rule 60(b) is within the sound discretion of the trial court, the limits are the same for subsection (b)(6), such that relief "is available only in cases evidencing extraordinary circumstances." *Id.*

**III.        Discussion**

Plaintiff relies on Rule 60(b) in arguing that she should not be faulted for her attorney's failure to respond to Defendant's motion for summary judgment. Plaintiff's argument is without merit.

Initially, the court notes that neither Plaintiff nor her counsel have offered any explanation for Plaintiff's failure to respond to the motion for summary judgment, despite the court granting request after request for an extension of time.[3] Plaintiff apparently contends that there was a breakdown in communication between Plaintiff and her counsel.  However, the documents submitted by Plaintiff in support of her pro se motion indicate the contrary.  Indeed, the email exchanges show that Plaintiff was not only well apprised of the deadlines, but that she and Attorney Young were in communication regarding the extended deadlines and the need to file a response to Defendant's motion for summary judgment.

Furthermore, the court must emphasize that this was not just a failure to meet a deadline imposed by court rules.  The deadline Plaintiff disregarded was imposed by a court order (Doc. 92), which had yet again extended a deadline imposed by a prior court order (Doc. 88), which had extended a deadline imposed by a prior court order (Doc. 82), which had also extended a deadline imposed by a prior court order (Doc. 80), which had extended a deadline imposed by a local rule – each at Plaintiff's request.

Additionally, the court must highlight that, before it entered its January 3, 2014 order, Defendant's motion for summary judgment was pending for over

---

[3]  The court notes that Plaintiff herself recognized that Attorney Young never offered an explanation as to why he failed to file a response as Plaintiff expected.  (*See* Doc. 100, ¶ 19.)

eighty days – thirty of which were after the final extension had expired.  Indeed, in the court's December 2, 2013 order granting Plaintiff's fourth motion for an extension of time, it clearly advised Plaintiff that no further extensions of time to respond to the motion for summary judgment would be granted.  (Doc. 92, p. 3 of 3.) Plaintiff knew of the urgency to submit a response by the final deadline.  She simply failed to do so.

Moreover, Plaintiff's vague and summary reference to what can only be described as a malevolent conspiracy by her counsel to affirmatively violate his ethical duty and get the case dismissed[4] is entirely unsupported and does not amount to extraordinary circumstances.

However, the court notes that, contrary to Plaintiff's apparent beliefs, the January 3, 2014 order does not operate to blindly grant judgment in favor of Defendant and against Plaintiff.  Rather, due to Plaintiff's failure to respond to Defendant's statement of material facts, the court will consider the facts undisputed for purposes of Federal Rule 56 and Local Rule 56.1.  Thus, utilizing those facts submitted by Defendant that are supported by the record, the court will assess Plaintiff's claims on the merits and determine whether, when viewing the facts in the

---

[4] In her motion, Plaintiff states as follows:

[Attorney] Young's egregious neglect and willful mishandling of this case has left Plaintiff with the unfortunate belief that he was attempting to assist Defendant to get this case dismissed. . . . Attorney Young's responsiveness to matters regarding this case coincided with the appearance of Attorney Thomas Collin [sic] as co-counsel for Defendant (along with Attorney Sharon O'Donnell).

(Doc. 107, pp. 2-3 of 23.)

light most favorable to Plaintiff, Defendant is entitled to judgment as a matter of law.

Plaintiff's conduct demonstrates a pattern of disregard for the rules of this court and for this court's authority to enforce compliance with those rules and control its docket in a manner that ensures the merits of a dispute be placed before the court in a timely fashion.  The court sympathizes with Plaintiff's plight, but she bears ultimate responsibility for her choice of counsel.  *See Pioneer*, 507 U.S. at 396. While Plaintiff may have other remedies available for her counsel's alleged neglect, relief from this court's January 3, 2014 order is not one of them.  Accordingly, Plaintiff's motion for reconsideration will be denied.

## IV.        Conclusion

Based on the foregoing, the court does not find that Plaintiff's negligent failure to respond to Defendant's motion was excusable or that extraordinary circumstances exist to warrant the court's reconsideration of its January 3, 2014 order deeming Defendant's motion for summary judgment unopposed.  Therefore, the court will deny Plaintiff's motion for reconsideration and consider Defendant's motion for summary judgment on the merits on the record that currently exists.

An appropriate order will be issued.


                                         s/Sylvia H. Rambo
                                         United States District Judge

Dated:  January 29, 2014.