IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUBRINA TAYLOR, | : | Civil No.  1:12-CV-0169 |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HARRISBURG AREA COMMUNITY** | : | |
| **COLLEGE,** | : | **Judge  Sylvia  H.  Rambo** |
| **Defendant** | : | |

## M E M O R A N D U M

Plaintiff's most recent motions appear on the court's docket nearly a month after the court granted judgment in favor of Defendant in Plaintiff's employment discrimination action.  In the first motion, Plaintiff requests that the court grant her an extension of time in which to file a motion for reconsideration of the court's January 30, 2014 order granting summary judgment.  (Doc. 121.)  In the second motion, Plaintiff requests that the court set aside the judgment[1] entered in favor of Defendant.  (Doc. 122.)  For the foregoing reasons, both of Plaintiff's motions will be denied.

---

[1] Plaintiff cites to Rule 55(c) in her motion to set aside the judgment (*see* Doc. 122) and again in her brief in support (Doc. 125).  While the court understands the basis for Plaintiff's confusion, judgment in this matter was not entered by default.  Rather, judgment was entered in Defendant's favor following a merits analysis of the record submitted for purposes of summary judgment.  Indeed, judgment was not entered in Defendant's favor as a sanction for Plaintiff's failure to prosecute.  Because judgment was not entered by default pursuant to Rule 55(a), Plaintiff cannot obtain relief from default pursuant to Rule 55(c).  For this reason, the standard of review set forth by Plaintiff is inapplicable with regard to the factors guiding the court's discretion cited by Plaintiff, *i.e.*, whether the *plaintiff* would be prejudiced if the default is set aside; (2) whether the *defendant* has a meritorious defense; and (3) whether the default was the result of the *defendant's* culpable conduct.  (Doc. 125, p. 3 of 18 (citing *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988).)  Nevertheless, based on her reference to Rule 60 in her motion to set aside default judgment and brief in support, the court will interpret Plaintiff's motion as one requesting relief from judgment under Rule 60(b) rather than relief from default judgment under Rule 55(c).  For this reason, the court will refer to Plaintiff's motion filed March 2, 2014 (Doc. 122) as a motion for relief from judgment.

**I.**          <u>**Background**</u>

The parties are familiar with the history of this litigation, and the procedural and factual background have been seen forth in the court's memorandum accompanying its order granting Defendant's motion for summary judgment and is incorporated herein by reference.  Accordingly, the court will only set forth the most pertinent portions of the procedural history that justify its denial of the instant motion for an enlargement of time.

Proceeding in this matter pro se, Plaintiff filed her original complaint commencing this civil action on January 30, 2012.  (Doc. 1.)  Following her survival of a motion to dismiss, as well as her filing of several unsuccessful motions, Attorney James D. Young entered his appearance on Plaintiff's behalf while a fully briefed motion to dismiss was pending.[2]  (Doc. 50.)  Plaintiff was thereafter granted leave to file a second amended complaint with the assistance of counsel.

Over the course of the following months, the parties were granted numerous extensions of time in which to conduct discovery, including an order moving jury selection to January 6, 2014.  (*See* Doc. 67.)  On October 15, 2013, Defendant filed a motion for summary judgment (Doc. 73), brief in support (Doc. 74), and statement of material facts (Doc. 75).  On November 5, 2013, the date on which Plaintiff's response was due pursuant to Local Rule 7.6, Plaintiff filed a motion that requested an extension of time until November 12, 2013 (Doc. 78), which the court granted (Doc. 80).  On November 12, 2013, Plaintiff filed a second

---

[2] Following the court's denial of Defendant's motion to dismiss (Doc. 21), Plaintiff filed an amended complaint (Doc. 33).  The motion to dismiss pending at the time Attorney Young entered his appearance challenged Plaintiff's first amended complaint.  (Doc. 39.)  Thereafter, Plaintiff filed a counseled amended complaint.  (Doc. 56.)

motion that requested an extension of time until November 22, 2013 (Doc. 81), which the court granted (Doc. 82).  On November 21, 2013, Plaintiff filed a third motion that requested an extension of time until November 27, 2013 (Doc. 87), which the court granted (Doc. 88).  On November 27, 2013, Plaintiff filed a fourth motion that requested an extension of time until December 2, 2013 (Doc. 89), which the court granted  (Doc. 92).  Because the court still had not received a response from Plaintiff as of January 3, 2014, eighty days since the filing of Defendant's motion, it granted Defendant's request to deem the motion for summary judgment as unopposed, pursuant to Local Rules 7.6 and 56.1.  (Doc. 99.)

On January 6, 2014, Plaintiff filed a pro se motion for reconsideration, which requested that the court both reconsider its order deeming unopposed Defendant's motion for summary judgment due to Plaintiff's lack of response and grant Plaintiff an extension of time to "secure another attorney" and respond to the nearly three-month-old motion for summary judgment.  (Doc. 100.)  The court struck from the record Plaintiff's pro se filing due to her being represented.  (Doc. 102.)  On January 7, 2014, Attorney Young fled a motion to withdraw as Plaintiff's attorney (Doc. 104), which was opposed by Defendant (Doc. 105).  On January 17, 2014, while the motion to withdraw was pending, Attorney Young and Plaintiff, acting pro se, each filed a motion for reconsideration of the January 3, 2014 order.  (Docs. 106 & 107.)  On January 27, 2014, following a conference call during which defense counsel withdrew their opposition to Attorney Young's withdrawal, the court granted the motion to withdraw (Doc. 109) and entered an order deeming moot Attorney Young's motion for reconsideration as superseded by Plaintiff's pro se motion for

3

reconsideration (Doc. 110).  On January 29, 2014, the court issued a memorandum

and order denying Plaintiff's motion for reconsideration.  (Docs. 111 & 112.)

On January 30, 2014, 107 days after the motion for summary judgment

had been filed, the court granted judgment in favor of Defendant following a full

merits analysis on the facts before it.  (Docs. 113, 114 & 115.)  In its 33-page

memorandum, the court found, *inter alia*, that, although a genuine issue of material

fact existed regarding whether Plaintiff was qualified for the position, Plaintiff failed

to establish her prima facie burden with regard to her racial discrimination claims

due to her inability to demonstrate that the employment decisions were racially

motivated,[3] that Plaintiff failed to demonstrate the existence of a genuine issue of

---

[3]  Plaintiff's argument that she undisputedly established her prima facie case is unavailing.
(*See* Doc. 125, pp. 5-9 of 18.)  Plaintiff is correct in her argument that she was undisputedly a member
of a protected class, applied for a vacancy, and was not hired.  (*Id.* at pp. 5-6, 8 of 18.)  However,
contrary to Plaintiff's argument, she did not undisputedly establish that she possessed all of the
qualifications for the position.  (*Id.* at pp. 7-8 of 18.)  Indeed, in the court's January 30, 2014
memorandum, it found a genuine issue of material fact with regard to Plaintiff's qualifications:

> It is undisputed that Plaintiff had both the minimum qualifications
> necessary to advance beyond the screening phase for the position, which caused
> her to be selected for a telephonic interview, and many of the preferred
> qualifications, which caused her to be highly ranked by the search committee.
> These qualifications resulted in Plaintiff's being one of five final applicants
> selected for the final round of in-person interviews.  However, it was during the
> in-person interviews when Plaintiff's performance faltered.  Baehre testified that
> Plaintiff's performance during these interviews did not provide confidence in
> Plaintiff's leadership abilities, a trait necessary for a Vice President of Student
> Affairs.  This sentiment was echoed by Riley, who also interviewed Plaintiff in
> 2006.  Additionally, the college community's assessment of the candidates in
> terms of strengths and weaknesses demonstrated that Black was perceived as a
> stronger candidate than Plaintiff.  Significantly, Baehre was also aware of issues
> with Plaintiff's dependability, another trait certainly required for a member of
> her cabinet.
> While Defendant's argument is certainly supported by the record, the
> court cannot find the absence of a genuine issue of material fact.  Defendant
> does not contend that Plaintiff lacked the minimum requisite objective
> qualifications for the vice president position; rather, Defendant contends that

(continued...)

material fact with regard to the legitimacy of Defendant's proffered nondiscriminatory reasons for its employment decisions, and that the record failed to establish any causal connection between Plaintiff's filing the 2006 EEOC complaint and Defendant's decision not to hire her in 2009.  (*See* Doc. 113, pp. 32-33 of 33.) Thus, Defendant was entitled to judgment in its favor.  Plaintiff filed a notice of appeal twenty days thereafter.  (Doc. 117.)

---

[3] (...continued)
Black possessed certain subjective qualities rendering her better suited for the position.  Because Plaintiff's testimony disputes that she did not have, *inter alia*, adequate leadership abilities, the court believes this contention is better left for consideration at the pretext stage of the *McDonnell Douglas* analysis. Accordingly, the court finds that, for purposes of summary judgment review, a genuine issue of material fact exists as to whether Plaintiff was qualified for the vice president position.

(Doc. 113, pp. 19-20 of 33.)  Thus, the court did not grant judgment on this point, but rather granted judgment due to Plaintiff's failure to establish the fourth prong of her prima facie case.  To that end, the court reasoned:

> [Plaintiff] presents no evidence of racial comments or racially motivated behavior.  Further, she fails to create any inference of discrimination by showing that she was treated less favorably because of her race.  Given the complete dearth of evidence, the court does not find the existence of any genuine issue of material fact on this point and concludes that Plaintiff has failed to establish her prima facie case of discrimination.

(*Id.* at p. 21 of 33.)  In her brief, Plaintiff again fails to establish that she was treated less favorably because of her race.  Indeed, the only evidence Plaintiff points to in support of her assertion that she was discriminated against due to her status as an African American *female*, despite gender discrimination not being alleged in her complaint (*see id.* at p. 26 n. 14 of 33), is her own 2006 EEOC Charge.  (*See* Doc. 125, p. 6 of 18 ("Plaintiff believes she was discriminated against along with other African American women because Defendant maintains a glass ceiling which does not allow African American women access to upper level management positions at HACC.") (citing Doc. 124-6, p. 13 of 56 (setting forth Plaintiff's allegation, contained in her 2006 EEOC Charge, as follows: "I *allege* that [Defendant] has a history of enacting a glass ceiling at the vice president's level for Black female administrators.  In the 42-year history of the college there has never been a Black female rise beyond the dean level." (emphasis supplied)).)  As the plain language clearly demonstrates, Plaintiff points to an *allegation*, which is insufficient to defend against summary judgment.  (Doc. 113, pp. 13-14 of 33 (setting forth the legal standard for considering Defendant's motion for summary judgment)).

On February 26, 2014, Plaintiff filed her motion seeking an extension of time. (Doc. 121.)  In support of her request, Plaintiff characterizes her failure to respond to Defendant's motion for summary judgment as "excusable neglect." (*Id.* at p. 1 of 4.)  Plaintiff again lays fault at the feet of her attorney (*see, e.g.*, *id.* at p. 2 of 4) and avers that she had just discovered that "a default judgment can be set aside by the grace of the Court." (*Id.* at p. 3 of 4.)  Plaintiff argues that her request creates no undue hardship for Defendant because otherwise, Defendant will have to spend resources defending against an appeal.[4] (*Id.*)  Plaintiff requests that the court grant her one week to research how to bring forward a motion to set aside judgment," and, presumably, file such a motion. (*Id.* at p. 4 of 4.)

On March 2, 2014, before the court ruled on the February 26, 2014 motion seeking an extension, Plaintiff filed the instant motion for relief from judgment, essentially embodying the substance of her motion for an extension of time. (Doc. 122.)  On March 3, 2014, Plaintiff filed a brief in support of her motion for relief from judgment. (Doc. 125.)  Both Plaintiff's motion for an extension of time and Plaintiff's motion for relief from judgment have been adequately briefed and are appropriate for disposition.

---

[4] For what it is worth, it appears Plaintiff will be pursuing her appeal despite her acknowledgment that she "cannot see that a Court of Appeals would overturn the summary judgment because even Plaintiff can see that based on all facts that could be considered, the Court appears to have made the only decision available." (Doc. 121, p. 2 of 4.)  While it is certainly the province of the Third Circuit to consider this court's decision, the court notes that Plaintiff will be pursuing an appeal, and causing Defendant to defend the same, that she does not believe will be meritorious.

II.        **Legal Standard**

   The court will address Plaintiff's motion for an extension of time to file a motion for relief from judgment (Doc. 121) before considering Plaintiff's motion for relief from judgment (Docs. 122 & 125).

  A. **Jurisdiction**

   "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985).  However, a district court retains jurisdiction even after the filing of a notice of appeal with regard to the timely filing of a few motions, such as a motion to alter or amend judgment under Rule 59 or a motion for relief from judgment under Rule 60, if the motion is filed within 28 days after the judgment is entered.  *See* Fed. R. App. P. 4(a)(4)(A)(iv) & (vi).  Moreover, the court has no discretion to extend the time for a party to move to alter or amend judgment pursuant to Rule 59(e) or for relief from judgment pursuant to Rule 60.  Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules . . . 59(e) . . . and 60(b).").  Accordingly, the court cannot grant Plaintiff the relief requested, namely an extension of time in which to file a motion for relief from judgment, as it is prohibited from doing so due to the Federal Rules of Civil Procedure.

  B. **Motion for Relief from Judgment**

   Plaintiff's Rule 60(b) motion is likewise without merit.  Rule 60(b) states, in pertinent part, that

    [T]he court may relieve a party . . . from a final judgment,
    [or] order . . . [due to] (1) mistake, inadvertence, surprise,

> or excusable neglect; (2) newly discovered evidence that,
> with reasonable diligence, could not have been discovered
> in time to move for a new trial under Rule 59(b); (3) fraud,
> . . . misrepresentation, or misconduct by an opposing party;
> [or] (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Government of V.I.*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986); *Rastelli Bros., Inc. v. Netherlands Ins. Co.*, 68 F. Supp. 2d 451, 454 (D.N.J. 1999); *Coltec Indus., Inc. v. Hobgood*, 184 F.R.D. 60, 63 (W.D. Pa. 1999).  Indeed, the party "who seeks such extraordinary relief from a final judgment bears a heavy burden." *Pilsco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967).  A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Hooten v. Greggo & Ferrara Co.*, Civ. No. 10-cv-0776, 2013 WL 5272366, *1 (D. Del. Sept. 18, 2013) (citing *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)).

## III.        Discussion

Initially, the court must highlight the true relief requested by Plaintiff. Although Plaintiff's motion requests, on its face, relief from the January 30, 2014 order granting judgment in Defendant's favor, it truly requests relief from the January 3, 2014 order.  Indeed, simply reconsidering the summary judgment motion on the same record before the court would be a pointless exercise, and even Plaintiff recognizes that the court reached the only conclusion possible on the record.  (*See* Doc. 121, p. 2 of 4; *see also supra* Part I n. 4.)  In order to permit Plaintiff to oppose

the motion for summary judgment at this post-judgment stage, the court would have to vacate its January 3, 2014 order and reopen the record for the purpose of receiving new evidence before it conducted another merits review.   The court has explained its reasoning for its decision to deem Defendant's motion for summary judgment as unopposed on January 3, 2014 (Doc. 99), explained its reasoning in denying Plaintiff's motion to reconsider that ruling (Doc. 111), and reiterated its reasoning again in its memorandum in support of the order granting Defendant's motion for summary judgment (Doc. 113).   The court will not repeat its rationale for a fourth time here beyond the following: Plaintiff had a duty to oppose the motion for summary judgment, she was granted many chances in which to do so, she still failed to do so, Defendant's motion was deemed unopposed pursuant to the local rules, and judgment was granted in Defendant's favor following a merits analysis.   Moreover, for reasons explained below, Plaintiff has failed to present any extraordinary reason to justify this relief as required by Rule 60.

### A.   Rule 60(b)(1)

"Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993).   The determination of what constitutes excusable neglect for purposes of relief from judgment is an equitable one, and thus, the court must take into account all relevant circumstances, including: 1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was in reasonable control of the movant; and 4) whether the movant acted in good faith. *Id.* at 395; *see also Ragguette v. Premier Wines & Spirits, Ltd.*, 424 F. App'x 155, 156-

57 (3d Cir. 2011).  As explained in this court's January 29, 2014 memorandum

addressing Plaintiff's previous motion concerning the January 3, 2014 order:

> The Third Circuit has refused to find excusable an
> attorney's neglect where the order from which the movant
> complains was the product of a history of a course of
> misconduct.  *See Tuerk*, 317 F. App'x at 253-54 (finding
> that "the attorney's failure to respond was not an isolated
> incident," but rather "part of a pattern of disregard for court
> orders during the course of proceedings," whereby there
> was no basis to "establish excusable neglect," and "his
> attempt to argue excusable neglect on [the] record
> border[ed] on frivolity").

*Taylor v. Harrisburg Area Cmty. Coll.*, Civ. No. 12-cv-0169, 2014 WL 321204, *2

(M.D. Pa. Jan. 29, 2014).  The court has considered the *Pioneer* factors and

concludes that Rule 60(b) provides Plaintiff no relief.  Here, Plaintiff alleges her

"excusable neglect" was in the nature of "assuming she had done the necessary due

diligence to ensure that her Attorney was licensed to practice law in Pennsylvania

and her confirmation that he had no Ethic scomplaints [sic] lodged against him," and

that she "made a mistake in trusting that her Attorney would file the response."

(Doc. 121, pp. 1-2 of 4; Doc. 122, pp. 5-6 of 9.)  However, Plaintiff was aware of the

court's deadlines and knew that her attorney did not respond to the motion for

summary judgment.[5]  Thus, Plaintiff has not satisfied the high bar required for relief under Rule 60(b)(1).

### B.   Rule 60(b)(2)

Rule 60(b)(2) requires that the new evidence: (1) be material and not merely cumulative; (2) could not have been discovered before trial through the exercise of reasonable diligence; and (3) would probably have changed the outcome of the trial.  *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011) (citing *Compass Tech., Inc. v. Tseng Lab., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995)).  A party requesting such relief bears a "heavy

---

[5]  The court would be remiss not to address an argument made by Plaintiff in support of her motions, namely that the court "inadvertently allowed the litigation to proceed without an active case management order for almost two months.  This lack of structure created confusion in Plaintiff's attempt to exercise her due diligence in monitoring the actions of her attorney which ultimately contributed to Plaintiff's excusable neglect."  (Doc. 121, p. 2 of 4; Doc. 122, p. 6 of 9.)  The court assumes Plaintiff is referring to the November 12, 2013 order granting Plaintiff's second motion for extension of time.  (Doc. 82.)  That order stated, in pertinent part, as follows:

> Plaintiff's brief in opposition to the motion for summary judgment is due on or before November 22, 2013.  In light of the extensions on the summary judgment briefing, the balance of the case management deadlines are suspended.  New case management deadlines will be issued following the discovery conference scheduled for November 18, 2013.

(*Id.*)  Following the November 18, 2013 discovery conference, the court issued a memorandum and order that operated to reopen a period for limited discovery based on, what turned out to be, unfounded allegations that Defendant was improperly withholding certain discovery.  (Doc. 85.)  The court refrained from issuing case management deadlines until the dispositive motion was considered, as a ruling in Defendant's favor would moot the need for future deadlines.  The November 20, 2013 order reopening discovery also highlighted that the period for discovery was not to be used as a justification for Plaintiff to further delay filing her response to the motion for summary judgment.  (Doc. 86.)  Nevertheless, Plaintiff continued to request, and the court continued to grant, extensions of time.

Plaintiff's attempt to attribute her neglect to the confusion caused by the court's suspension of the case management deadlines due to Plaintiff's repeated requests to extend the summary judgment briefing is disingenuous at best.  Plaintiff had a date certain by which to respond to the motion for summary judgment at all times in this litigation.  Indeed, she knew the deadlines at every juncture.  Her post-hoc claim that the court's granting her requests caused "a lack of structure" that "created confusion" deserves no further attention.

burden," and must establish its entitlement to relief by a preponderance of the evidence. *Id.* (citing *Tseng Lab.*, 71 F.3d at 1130).

Plaintiff claims that her case is meritorious and that she can defeat the motion for summary judgment if the court permits her to correct her procedural errors. (Doc. 121, p. 3 of 4; Doc. 122, p. 4 of 9.) Rule 60(b)(2) provides Plaintiff no relief. Even assuming Plaintiff's evidence is material, not cumulative, and would have changed the outcome of the summary judgment motion, the key qualifier in the subsection is "newly discovered," which has been interpreted to mean the evidence could not have been discovered before judgment despite the exercise of reasonable diligence. The "newly discovered" component of Rule 60(b)(2) is not even alleged, let alone established, in Plaintiff's motion. Plaintiff should have submitted any evidence that she – or her counsel – was sitting on that would have defeated Defendant's motion for summary judgment. The fact that she had it in her possession and simply did not submit it for eighty days does not entitle her to submit it now that judgment has been entered. Accordingly, Plaintiff's motion will be denied to the extent it asserts that she has newly discovered evidence.

## C.   Rule 60(b)(3)

Unlike the preponderance of the evidence burden of proof required for relief under subsection(b)(2), relief pursuant to Rule 60(b)(3) requires the movant show that the opposing party engaged in fraud or other misconduct by clear and convincing evidence. *See Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960). Furthermore, the moving party must establish that the purported fraud substantially interfered with the aggrieved party's ability to fully and fairly present her case. *Floorgraphics*, 434 F. App'x at 111-12 (citing *Stridiron v. Stridiron*, 698

F.2d 204, 207 (3d Cir. 1983)); *see also In re Lapman*, 494 B.R. 218, 223 (M.D. Pa. 2013) (citing *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005)).  The movant must show that the information not disclosed was clearly material to the outcome of the litigation or that such evidence would have made a difference in advancing the moving party's case.  *Bandai Am. Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 73 (3d Cir. 1985) (holding that "[the movant's] proofs are lacking in [this] respect[]," and therefore rejecting an attempt to reopen a settlement under Rule 60(b)(3)).

If this case involved fraud, misrepresentation, or misconduct, it is not alleged to be on the part of the opposing party.  This is clearly not the type of scenario contemplated by the rule.  Accordingly, Plaintiff's motion will be denied to the extent it asserts that she failed to oppose Defendant's motion for summary judgment due to fraud, misrepresentation, or misconduct on the part of her counsel.

### D.    Rule 60(b)(6)

It is within this court's power to vacate its previous order for any reason justifying relief from the operation of the judgment.  This type of relief is only sparingly granted, however, as vacating and granting relief from final judgments impairs the judicial system's compelling need for finality in litigation.  *Rastelli Bros.*, 68 F. Supp. 2d at 453.  Moreover, because Rule 60 specifically provides for specific relief in the event of mistake, inadvertence, or excusable neglect (Rule 60(b)(1)), newly discovered evidence (Rule 60(b)(2)), or fraud, misrepresentation, or misconduct by an opposing party (Rule 60(b)(3)), Rule 60(b)(6) represents a "savings clause" with which the court can remedy unforeseen injustices not addressed by the other subsections of Rule 60.  Thus, the reasons submitted in

support of relief under (b)(1)-(5) cannot be the basis for relief under (b)(6). *In re Hechinger Inv. Co. of Del., Inc.*, 309 B.R. 706, 709 (D. Del. 2004) (quoting *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985)). Here, Plaintiff's argument boils down to her attorney's conduct, which she avers excuses her neglect, implicating subsection (b)(1). Rule 60(b)(6) is only to be invoked in the most "extraordinary circumstances, where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). Such compelling circumstances are not present here.[6]

## IV.        Conclusion

The Federal Rules of Civil Procedure prohibit the court from extending the time in which an aggrieved party may file a motion under Rule 59(e) or 60(b). Thus, the court cannot grant Plaintiff the relief she requests in her motion for an extension of time (Doc. 121) as a matter of law. Accordingly, the court will deny the motion. Moreover, Plaintiff's Rule 60(b) motion related to the court's grant of summary judgment in favor of Defendant is without merit. Due to Plaintiff's continued failure to oppose Defendant's motion for summary judgment, the court deemed the motion unopposed after it had been pending for eighty days without a response from Plaintiff. On the record before it, the court concluded that Plaintiff

---

[6] Plaintiff's argument regarding the court's ordering her two actions be consolidated (Doc. 32) over her request to permit her to proceed with two distinct complaints against Defendant (Doc. 29) and argument regarding the clerk of court's failure to enter a default judgment due to Defendant's failure to file an answer to Plaintiff's second amended complaint for 27 days, are each similarly unavailing and deserve no attention (*See* Doc. 125, p. 12-14 of 18). That Plaintiff disagrees with prior court rulings does not justify the court granting her relief from judgment. Moreover, Plaintiff's argument that "[she] was prejudiced when she only got one chance to get it right" (Doc. 125, p. 13 of 18) is absurd, and the court will not legitimize such an argument with further comment.

14

did not have a case that warranted submission to the jury, and granted judgment in favor of Defendant.  Plaintiff's justification for her failure to respond (again, attacking the January 3, 2014 order) does not satisfy the high burden justifying the extraordinary relief requested through a Rule 60(b) motion.  For these reasons, the court will deny Plaintiff's request for an enlargement of time (Doc. 121) and motion for relief from judgment (Doc. 122) in their entireties.

Appropriate orders will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  March 4, 2014.

15